## GEO. BANTA PUB. CO. v. SMITH et al. (No. 6418.)

(Court of Civil Appeals of Texas. Austin. May 24, 1922. Rehearing Denied July 1, 1922.)

Sales ⚖️85(1)—Buyer of military books held to have no right to return them in exchange for other books.

Defendants had been purchasing military books with exchange privilege from a company which published military books exclusively. Plaintiff sold military and other publications. Defendants later contracted to purchase military books from plaintiff "with the exchange privilege now extended" by the other company. Held, that the exchange privilege related only to military books, as the first concern did not handle any other books, so that defendants had no right to return military books in exchange for other books.

Error from District Court, McLennan County; Erwin J. Clark, Judge.

Action by the Geo. Banta Publishing Company against Norman H. Smith and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

H. P. Jordan and Witt, Terrell & Witt, all of Waco, for plaintiff in error.

Johnston & Hughes and Sleeper, Boynton & Kendall, all of Waco, for defendants in error.

JENKINS, J. This suit was filed by plaintiff in error to recover upon an account for the sale of books sold to defendants in error. The case was submitted upon six special issues, only one of which is material to the issue involved on this appeal. The issue referred to is No. 1, and is as follows:

"Are the defendants indebted to the plaintiff in any sum as a balance justly due and unpaid on their account with plaintiff, in excess of the amount admitted by defendants to be due plaintiff as such balance?"

To which the jury answered, "No." The amount admitted by defendants to be due was $75.90, which balance is obtained as follows: Plaintiff in error was sending books to defendants in error upon consignment. Defendants in error, who were engaged in selling books in Waco, Tex., had been purchasing certain government publications from the military authorities. The armistice rendered these books comparatively worthless. Defendants in error balanced their account with plaintiff in error by returning certain

military books, and charging plaintiff's consignment account with the $1,080.13. The issue here is as to whether such charge was correct under the contract between the parties. The contract is evidenced wholly by correspondence, from which we quote as follows:

"September 18, 1918.

"We did not know until we got your list the other day that you published the reprints of the government manuals. We have been buying from the Military Publishing Company, these reprints, and our business with them has amounted to about $400.00 a month. This business we will be very glad to transfer to you, if you will give us their same terms and discounts. They are giving us 50% off the list, 2/10 days, or 60 days net. While not consigning, they give us exchange privilege on any titles we may be overstocked in. Let us know immediately on receipt of this letter by wire if you will give us the same discounts and terms, as we will at once wire you an order for several hundred each of the following titles: * * *

"Hoping that you will meet the above prices, as we do not like Military's way of doing business, we are,

"Yours very truly,
"Norman H. Smith & Co."

In reply to this, plaintiff in error wrote the following letter:

"Sept. 23, 1918.

"Norman E. Smith & Co., Waco, Texas—Gentlemen: Your letter of September 18th is received. * * * We will furnish you, on outright sale, any of the reprints of special government publications at a discount of 50 per cent, off the list, net 30 days, with the exchange privilege now extended to you by the Military Publishing Company. We cannot, of course, extend to you the consignment privilege on reprints of government publications, and when those now on hand are disposed, all privileges to you will be made on the outright sale basis.

"Geo. Banta Publishing Co."

These letters were followed up by several others between the parties, relating to the particular publications desired and those which could be furnished. On November 25, 1918, defendants in error wrote plaintiff in error the following letter:

"Geo. Banta Publishing Co., Menasha, Wis.—Gentlemen: As per instructions in your letter of the 13th, received by us on the 20th, we have returned you the books of yours we had on consignment. * * * We have also returned the books you overshipped us in the government reprints, and are returning other reprints, and we have kept consigned books to cover. We are taking advantage of the exchange privilege we have with you. * * * As you have instructed us to close the account, we are returning these books. * * *"

As heretofore stated, the account was closed by "returning other reprints" and in keeping "consigned books to cover," this under claim that the exchange privilege in the contract permitted such action. We think

this an erroneous construction of the contract. In defendants' letter of September 8, 1918, it was stated:

"While not consigning, they [military authorities] give us exchange privileges on any titles we may be overstocked in."

This, of course, related only to military publications as the military authorities did not handle any other books. Plaintiff's reply, of September 23, 1918, leaves no room for doubt on this subject. It is stated therein:

"We will furnish you, on outright sale, any of the reprints of special government publications at a discount of 50 per cent., * . * * with the exchange privilege now extended to you by the Military Publishing Company. We cannot, of course, extend to you the consignment privilege on reprints of government publications, and when those now on hand are disposed, all privileges to you will be made on outright sale basis."

For the reason that the undisputed evidence as above set out shows that the jury based their answer to question No. 1 upon the theory that defendants in error had the right to return military books, to the amount of $1,080.13, and charge the same against the consignment account, and that the undisputed evidence shows that they had no such privilege, the judgment of the trial court must be reversed. As there are issues of fact as to what military books defendants in error had the right to return on account of the same not having been promptly shipped, this case will be reversed and remanded, for further determination of such fact.

Reversed and remanded.